KEVIN J. HEANEY, ESQ.
GEORGE D. OLIVER, ESQ.
24 Professional Center Parkway, S. 240
San Rafael, CA. 94903
Email: Kvnheaney@gmail.com

Telephone: (415) 492-2042
Facsimile: (415) 492-2045

Attorney for: RODOLFO LOPEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RODOLFO LOPEZ,<br><br>    Plaintiffs,<br><br>  vs.<br><br>CITY OF VALLEJO, CITY OF VALLEJO POLICE DEPARTMENT, DOES 1-99,<br><br>    Defendants. | ) No.<br>)<br>) COMPLAINT FOR VIOLATION<br>) OF 42 USC SECTION 1983;<br>) FOURTH AMENDMENT TO THE<br>) UNITED STATES<br>) CONSTITUTION/; ARTICLE<br>) ONE, SECTION THIRTEEN OF<br>) THE CALIFORNIA<br>) CONSTITUION; ILLEGAL<br>) SEARCH; NEGLIGENCE;<br>) ASSUALT; FALSE<br>) IMPRISONMENT, VIOLATION<br>) OF UNRUH ACT, INTENTIONAL<br>) INFLICTION OF EMOTIONAL<br>) DISTRESS, NEGLIGENT<br>) INFLICTION OF EMOTIONAL<br>) DISTRESS, INVASION OF<br>) PRIVACY<br>)<br>) [JURY TRIAL DEMANDED]<br>) |

INTRODUCTION

1. Rodolfo Lopez ("Plaintiff") is a resident of Vallejo, California. On September

Page 1

22, 2018, approximately 4 to 6 Vallejo police officers stormed his room and residence without a warrant, breaking into his small room, smashing him against the wall and causing injuries to him.  Rodolfo Lopez files this lawsuit to seek the redress for the pain and injury caused to him as well as for the medical expenses incurred.

**VENUE**

2.   This Court has jurisdiction over the subject matter of this action under 42 U.S.C. sect. 1983.

3.   Venue is proper in the Northern District of California, under 28 U.S.C. sect. 1391(b), in that the events giving rise to Rodolfo Lopez claim occurred in this judicial district.

**THE PARTIES**

4.   Plaintiff, Rodolfo Lopez, lives by himself in the city of Vallejo.

5.   The named Defendants in this case are the City of Vallejo, a municipal corporation, the Vallejo City Police and  Does 1 to 20 (Presumed to be Vallejo Police Officers) (Hereinafter collectively "Defendants") who have not been individually identified yet,  but committed the acts and assault that resulted in the injury when they unlawfully entered Mr. Lopez room, and physically assaulted him. The Vallejo Police Department upon request by plaintiff for the police report refused to provide a copy of the police report and plaintiff has been unable to identify the Vallejo Police Officers named as 1 to 20.

6.   Plaintiff is informed and believes that at all times mentioned in this complaint, each and every defendant was the agent, servant, employee, and/or representative of each and every other defendant. Plaintiff is informed and believes that, in dong the thing complained of, each and every defendant was acting within the scope of that agency, service,

employment, and/or representation, and that each and every defendant is jointly and severally responsible and liable to Plaintiff for the damages alleged in the complaint.

## GENERAL ALLEGATIONS

7.  On September 22, 2018, Vallejo Police Officers, an exact number still to be determined, unlawfully entered the room that Rodolfo Lopez rented.  The Vallejo Police officers, Does 1 to 20, without warrant or permission entered plaintiff's residence to investigate why a vehicle (van) was lodged into the garage door of plaintiff's residence. The Vallejo Police officers, Does 1 to 20, illegally entered the house and went to the back room of plaintiff's residence where plaintiff was speaking on his phone, while lying on his bed in his private rented room. The Vallejo Police officers, Does 1 to 20, knocked on the door to the room. Plaintiff immediately got out of bed to answer the door still talking on the phone. Officers opened the unlocked door and multiple Vallejo Police officers stormed into the room, grabbed plaintiff, threw him to the ground and began hitting him on the head and body with their batons and bodies causing plaintiff serious bodily injury and damages. Officers failed to give plaintiff time to walk from his bed to the door before attacking him.  There was no exigency of circumstance calling for the storming of Mr. Lopez room by the police officers. Upon information and belief, the officers were acting consistently with the pattern and practice of the Vallejo Police Department.  The Vallejo Police officers, Does 1 to 20, also appear to have been improperly trained and negligently hired resulting in the unlawful entering a private residence and private room without consent, and use of unreasonable force.

8.  As a direct and proximate result of the acts, omissions, polices, and practices of the Defendants, Rodolfo Lopez suffered violations of his civil liberties, injuries and damages.

9.  At all times and in all actions mentioned in this complaint, the Vallejo Police

officers, Does 1 to 20, were acting under color of law, under color of authority, and within the scope of their employment with the Vallejo Police Department.

10. The Vallejo Police Department will contend the actions of the officers were proper given circumstances of the vehicle (van) pushed against the garage door, despite the damage to the garage being very minor. However, under all circumstances, the assault on plaintiff was unreasonable in that plaintiff had nothing to do with the subject vehicle and in fact plaintiff does not drive or have a driver's license. Defendants and each of them failed to allow plaintiff to respond in a reasonable manner to their inquiry regarding the subject vehicle and garage, instead, charging into plaintiff's bedroom and assaulting him, causing injury and damages.

11. The individual Vallejo Police officer defendants, does 1 to 20, conduct was willful, wanton, reckless and in bad faith. The Vallejo Police officer defendants, Does 1 to 20, acted in reckless disregard for Rodolfo Lopez's rights, and intentionally violated state and federal law. Rodolfo Lopez is entitled to an award of punitive damages against the individual Vallejo Police officer defendants, Does 1 to 20.

## ADMINISTRATIVE PROCEEDINGS

12. Pursuant to California Government Code section. 910 et seq., Plaintiff timely field a claim with the City of Vallejo on February 11, 2019. The claim was referred by the City of Vallejo to York for adjustment and for handling of the matter. An investigation ensued and the parties were unable to reach agreement on the value of plaintiff's claim.

## FIRST CAUSE OF ACTION

**(Fourth and Fourteenth Amendment to the United States Constitution,**

**Pursuant to 42 U.S.C. sect. 1983)**

13. Plaintiff re-alleges and incorporates by reference each and every allegation

contained in Paragraphs 1 to 12 of this complaint.

14. The Vallejo Police officer defendants, Does 1 to 20, committed an illegal search and assault on Rodolfo Lopez in the room he was renting in violation of the Fourth Amendment.

15. The foregoing violation of Rudolfo Lopez constitutional rights occurred as the result of deliberate, reckless acts and omissions, and practices of the City of Vallejo Police Department and Vallejo Police officers Does 1 to 20. Plaintiff is informed and believes that the City of Vallejo Police Department ratified it police officer's actions, specifically Vallejo Police officers Does 1 to 20, to conduct unlawful entries and searches, including in this case; failure to train and supervise its officers properly to ensure they conduct entries and searches in accordance with the law; use of physical force when justified under the law; and did so in this matter with deliberate indifference in failing to train its officers properly in order to ensure they only conduct entries and searches such as this one in accordance with the law, and adopt polices necessary to prevent such constitutional violations.

16. These violations are compensable pursuant to 42 U.S.C. sect. 1983. The conduct of Defendants has caused Plaintiff to fear law enforcement, and has caused him to suffer physical injuries, and emotional and physical distress. As a result of the Defendants conduct, Rodolfo Lopez, has suffered through the deprivation of his civil liberties set out below but not necessarily limited to these deprivations:

(a) The right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment of the Constitution;

(b) The right to be free from the use of excessive force by police officers, which is guaranteed by the fourth, fifth and fourteenth amendments to the United States Constitution;

(c) The right not to be deprived of life, liberty, or property without due process of law

as guaranteed by the fifth and fourteenth amendments to the United States Constitution;

(d) The right to equal protection of the laws as guaranteed by the fourteenth amendment to the United States Constitution; and

(e) The right to be free from interference with the zone of privacy protected by the fourth and ninth amendments to the United States Constitution.

WHEREFORE, Plaintiff prays as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Unreasonable Search and Seizure, First Article to the California Constitution, Section 13)

17. Plaintiffs re-allege and incorporate by reference each and every allegation contained in Paragraphs 1 to 16.

18. The defendants Vallejo Police Officers, Does 1 to 20, committed an illegal entry, search, and assault at the residence and in the private room of Rodolfo Lopez in violation of 13 of the First Article of the California Constitution.

19. The foregoing violation of Rodolfo Lopez California constitutional rights occurred as the result of the deliberate, reckless, and malicious acts, omissions and practices of the City of Vallejo Police Department. Plaintiff is informed and believes that the City of Vallejo Police Department has sanctioned and ratified its police officers actions to conduct unlawful searches and entries, improper use of physical force, including as in the manner it did in this case; failure to train and supervise its officers properly to ensure they only conduct searches in accordance with the law; and acting with deliberate indifference in failing to properly train its officers or to adopt policies necessary to prevent such constitutional violations.

WHEREFORE, Plaintiff prays as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (NEGLIGENCE)

20. Plaintiffs re-allege and incorporate by reference each and every allegation contained in Paragraphs 1 to 19.

21. The individual Vallejo Police officers, Does 1-20, breached this duty by illegally entering Mr. Lopez room and assaulting him with out cause. No reasonable officer would have thought it proper to enter Mr. Lopez room in the manner the officers did under the circumstances that they did, without a search warrant, and to assault plaintiff in the manner that occurred.

22. As a proximate and direct result of Defendant's actions, Rodolfo Lopez suffered deprivation of his constitutional civil liberties, and emotional distress.

WHEREFORE, Plaintiff prays as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Assault)

23. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 to 22 of this complaint.

24. The individual Vallejo Police officers, Does 1 to 20, caused unreasonable apprehension of harmful or offensive contact when the officers entered unlawfully to plaintiff's room, and without a search warrant, and without exigent circumstances, and caused bodily injury and emotional harm to Plaintiff.

25. Plaintiff never consented to the any of the Vallejo police officers entrance into his residence, nor his individual room.

WHEREFORE, Plaintiff prays as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (False Imprisonment)

26.  Plaintiff realleges and incorporates by reference herein paragraphs 1 through 25.

27. Defendant Vallejo Police Officers, Does 1 to 20, improperly forced there way into Plaintiff's room and residence, improperly detaining him, and imprisoning him without probable cause, without a warrant and without exigent circumstances.  Defendants, Vallejo Police officers, Does 1 to 20, exceeded the limits of their authority as police officers when they detained and assaulted Plaintiff without probable cause, without a warrant, and without exigent circumstances, when using excessive and unnecessary forces against Plaintiff.

WHEREFORE, Plaintiff prays as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Violation of Unruh Civil rights Act Calif. Civil Code sect. 51.7)

28.  Plaintiff realleges and incorporates by reference herein paragraphs 1 to 27.

29.  Defendant, Vallejo Police Officers, Does 1 to 20, who assaulted and improperly detained, Plaintiff, in committing the acts described above, engaged in a racially motivated misuse of government power.

30. The above-described acts of defendant, Vallejo Police Officers, Does 1 to 20, , and each them further deprived Plaintiff of the right protected pursuant to Unruh Act, California Civil Code section 51.7 which states:

> All persons within the jurisdiction of this State have the right to be free from any violence, or intimidation by threat of violence, committed against their persons, or property because of their race, color, religion, ancestry, national origin, political affiliation, sex, sexual orientation, age, disability, or position in a labor dispute, or because another person perceives them to be one or more of these characteristics. The identification in this subdivision is illustrative rather than restrictive. California Civil Code sect. 51.7

31. The conduct of Vallejo Police Officers, Does 1 to 20, was committed with the intent to deprive Plaintiff of the above described rights. As a direct and proximate, Plaintiff suffered injuries.

WHEREFORE, Plaintiff prays as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### {(Intentional Infliction of Emotional Distress)

32. Plaintiff realleges and incorporates by reference herein paragraphs 1 to 31.

33. The conduct of the Vallejo Police officers, Does 1 to 20, who assaulted, detained, and imprisoned, committed harmful and offensive contact to Plaintiff's person, which was outrageous and beyond the scope of conduct which should be tolerated by citizens in a free and democratic society. The Vallejo Police officers, Does 1 to 20, committed the outrageous acts aforementioned with the intent to inflict severe mental and emotional distress upon Plaintiff.

34. As a proximate result of Vallejo Police officers, Does 1 to 20, willful intentional and malicious conduct, Plaintiff was seriously injured in his health, strength, and activity, sustaining injury to his body, and shock and injury to his nervous system, all of which injuries have caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering.

35. As a proximate result of Vallejo Police officers, Does 1 to 20 willful, i intentional, and malicious conduct, Plaintiff suffered severe and extreme mental and emotional distress. Therefore, plaintiff is entitled to an award of general and punitive damages against Defendants.

WHEREFORE, Plaintiff prays as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

36. Plaintiff realleges and incorporates by reference herein paragraphs 1 to 35.

37. At all times herein mentioned, Vallejo Police officers, Does 1 to 20, were Subject to a duty of care, to avoid causing unnecessary infliction of emotional distress to citizens in the exercise of police functions. The conduct of Vallejo Police officers, Does 1 to 20, as set forth herein, did not comply with the standard of care to be exercised by reasonable crime investigating officers.

38. As a direct, proximate and foreseeable result of intentional and/or negligent acts of Defendants, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and continues to suffer extreme emotional and physical distress, and continues to suffer extreme emotional and physical distress, all to his general and special damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays as hereinafter set forth.

## NINTH CAUSE OF ACTION

### (Invasion of Privacy, First Article to the California Constitution, Section 1)

39. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 to 38.

40. The individual Vallejo Police officers, Doe 1 to 20, entered into the private home and private bedroom of Rodolfo Lopez and violated his right to privacy, and caused physical injury, stress, and emotional harm to Plaintiff.

41. The California State Constitution gives each citizen an inalienable right to pursue and obtain privacy.

42. Plaintiff did not at any time consent to the intrusion of the officers into his private residence and private room which consequently violated both his common law and constitutional right to privacy.

WHEREFORE, Plaintiff prays as hereinafter set forth

## PRAYER

43. Plaintiffs pray for judgment against all defendants, and against each of them, as follows:

a. For general damages against all defendants, jointly and severally, in an amount to be proven at trial;
b. For punitive and exemplary damages in an amount to be proven at trial;
c. For attorneys' fees under 42 U.S.C. sect. 1988;
d. For costs of suit; and
e. For whatever further relief may be just and proper.

## JURY DEMAND

44. Plaintiffs hereby demand a trial by jury on any and all issues triable by jury.

Dare: 8/13/20

George Oliver, Esq.
Kevin J. Heaney, Esq.
Attorneys for Plaintiff
RODOLFO LOPEZ